In re JACKSON BRICK & TILE CO.

(District Court, Judicial D. Missouri, S. E. D. July 18, 1911.)

No. 21.

In the matter of the bankruptcy of the Jackson Brick & Tile Company. Proceeding for review of an order by the referee, allowing the claim of the Merchants-Laclede National Bank as a general claim, but refusing to allow the claim as a secured one. Order affirmed.

Oliver & Oliver, for Sturdivant Bank.
Fordyce-Holliday & Ware, for Merchants-Laclede Nat. Bank.
Moses Whybark and W. D. Hines, for trustee.

DYER, District Judge. This is a proceeding for review of an order made by the referee in bankruptcy, allowing the claim of the Merchants-Laclede National Bank as a general claim against the bankrupt estate and refusing to allow said claim as a secured one. The claimant, the Merchants-Laclede National Bank, filed with the referee its claim against the bankrupt in the sum of $12,500, and set forth therein that it is the holder of 25 promissory notes, each for the sum of $500, executed by the bankrupt, and that it held said notes as collateral security for an indebtedness due it by Henry R. English, and that as security for said collateral notes it holds a deed of trust executed by the bankrupt to Henry L. Jones, trustee, and the claimant prayed that its said claim be allowed as a secured claim.

The trustee of the bankrupt estate filed written objections to the allowance of the claim, alleging, in substance, that the trustee was in possession of the property alleged to be embraced in the deed of trust; that the deed of trust was executed by bankrupt September 1, 1902, but was withheld from record until August 9, 1906, on which date it was recorded; that said deed of trust was so recorded within four months prior to the filing of the petition in bankruptcy against the bankrupt; that the bankrupt was insolvent at the date of the recording of said deed of trust, and intended by said deed of trust to prefer the claimant over its other creditors, and that the claimant, at the time of placing said deed of trust of record, had reasonable

cause to believe the bankrupt intended thereby to give it an unlawful preference. The trustee further alleged in his said objections, that said deed of trust was given by the bankrupt to the claimant "with the specific intent at the time of recording the same, to hinder, delay or defraud its other creditors," and that said deed of trust was null and void. The trustee further alleged:

"That after the date of the execution and before the date of the recording of said deed of trust, said bank delivered said instrument back to the bankrupt, and the bankrupt, with intent to mislead persons dealing with it, failed and refused to record said instrument; that the bankrupt corporation had incurred a great indebtedness of $35,000 or $40,000 to various creditors, who would not have extended credit to said corporation had said deed of trust been recorded on the date of its execution, and that said creditors have had their said claims allowed against said bankrupt estate, and that said deed of trust is void as to all such creditors, none of whom had any notice of its existence until it was recorded."

The trustee thereupon prayed that claimant be required to show cause why the deed of trust should not be canceled and declared null and void as constituting an unlawful preference. Thereafter a hearing was had before the referee upon the claim of the Merchants-Laclede National Bank, and the objections of the trustee thereto, and the referee, after having heard the evidence submitted by the respective parties, made an order adjudging that the lien asserted by the bank under the deed of trust executed by bankrupt to Henry L. Jones, trustee, was void and of no effect, and disallowing the bank's claim as a secured claim and allowing it as a general claim against the bankrupt estate in the sum of $17,246.16. Thereupon the claimant, the Merchants-Laclede National Bank, filed its petition for review of the foregoing order, and the referee has certified the matter to the court.

The material facts as certified by the referee are as follows: The bankrupt company was originally incorporated in 1897 under the name of the English Mining & Manufacturing Company, and afterwards, in 1902, changed its name to the Jackson Brick & Tile Company. The company from the time of its incorporation until it failed in July, 1906, was engaged in the business of manufacturing brick, fire brick, and drain tile, at Jackson, Mo. Henry R. English was president and principal owner of the company, and had complete control of its affairs from the outset until the time of its failure. On September 12, 1902, Henry English borrowed from the Merchants-Laclede National Bank, at St. Louis, for the use of the bankrupt company, $8,500, and gave the bank his personal note for that sum, dated September 12, 1902, and pledged with the bank as collateral security for the note, 25 notes, each for the sum of $500, executed by the English Mining & Manufacturing Company, dated September 1, 1902, payable five years after date, with interest at 8 per cent. per annum from date. The 25 notes last mentioned were secured by a deed of trust executed by the English Mining & Manufacturing Company, dated September 1, 1902, whereby the grantor conveyed certain real estate in said deed described, together with the buildings, machinery, kilns, and dryhouses thereon, and also its carts,

wheelbarrows, shovels, and all the personal property used in its business to one Henry L. Jones, as trustee, as security, for said notes. At the time Henry R. English obtained the loan of $8,500 from the claimant bank, he delivered this deed of trust to the bank, and the bank, at English's request, at once returned the deed of trust to him, and requested him to have it recorded. English did not record the deed of trust, but retained it in his possession or under his control for nearly four years, until August 8, 1906, when it was filed for record. The deed of trust was recorded within four months prior to the filing of the petition in bankruptcy. At the time it was recorded, claimant bank and creditors generally knew that the bankrupt company was insolvent and unable to continue its business. From the time the money was borrowed from the claimant bank in September, 1902, until July, 1906, it continued to carry on its business, and incurred debts amounting to $30,000 or $40,000, which remained unpaid at the time of the commencement of the bankruptcy proceedings. English testifies that the reason he did not have the deed of trust recorded was "that there were other matters pending at the time," that the recording of the instrument "might have interfered with a new loan," and that it might have affected the standing of the Jackson Exchange Bank with which he was connected.

It appears from the evidence that after September, 1902, and while this deed of trust was withheld from record, the bankrupt company borrowed $2,500 from the bank of Whitewater, and the representatives of the bank examined the records before making the loan, and found that there were no incumbrances on the bankrupt's property, and the evidence shows that this debt to the bank of Whitewater remained unpaid when the petition in bankruptcy was filed. The evidence further showed that in July, 1906, one Hugh R. Quinn, loaned the bankrupt company $27,600 to pay certain notes of the bankrupt held by the Jackson Exchange Bank, on which said Quinn was indorser, and as security for the loan took a mortgage on the bankrupt's property, including the property embraced in the deed of trust to Henry L. Jones, trustee, dated September 1, 1902, and Quinn testified that before making this loan he examined the records of Cape Girardeau county and found no incumbrances on the bankrupt's property. He further testified that he would not have made this loan if he had known of the existence of the deed of trust held by the claimant bank.

The case presents the same essential features as that of the Sturdivant Bank (189 Fed. 636), just decided, and for the reasons set out in the opinion filed in that case, I am of opinion that the order made by the referee was right, and it will be affirmed.